IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BBG, Communication, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Phoneworks, Inc.; Choice Tel Acquisition, Inc.; and Choicetel Communications, Inc.,<br><br>Defendants. | Civil no. 07-1692 JP<br><br>Business Interference and Interruption by Telephone Call Blocking/Samming<br><br>Plaintiff requests Trial by Jury |

**COMPLAINT
for
INJUNCTIVE RELIEF and DAMAGES**

To the HONORABLE COURT:

Comes now BBG Communications, Inc. ("BBG") represented by undersigned counsel and respectfully avers and requests as follows:

I. <u>NATURE AND BASIS OF ACTION:</u>

1. Defendants are owners or operators of public payphones in Puerto Rico who have been blocking and/or rerouting calls made from Defendants' public payphones intended by the consumers placing the calls to be transported to Plaintiff's operator-assisted Call Centers for further transport to the party being called, with the result that the calls are received and handled by Defendants' own or chosen Call Centers. Consequently Defendants, rather than Plaintiff, receive the proceeds of the telephone service paid by the consumers whom intended to use Plaintiff's Call Center services.

1

2.  Defendants' course of conduct constitutes a violation of the Communications Act of 1934, as amended (the "Act"), in particular Sections 226 (c)(1)(B) and 226(e)(1), 47 USC Section 226(c)(1)(B) and 226(e)(1), which provide that aggregators and operator services providers, such as Defendants, must allow consumers to place calls to the operator service provider of the consumer's choice.[1]  Defendants' course of conduct is the direct cause of Plaintiff's loss of customers, goodwill, and profits. Defendants' acts constitute unfair competition and unjust enrichment.

II. PARTIES

3.  Plaintiff is authorized by the Act and the Federal Communication Commission ("FCC") to engage in the provision of operator services and to resell interexchange services for the termination of calls, both domestically and internationally. Plaintiff, under such authority, is a provider of operator assisted calling services ("Operator Service Provider" or "OSP Service"). Its main office is located at 1658 Gailes Boulevard, Suite B, San Diego, California 92154.

---

[1]  47 USC Section 226(b) provides, in pertinent part:

(B) [aggregators must] ensure that each of [their] telephones presubscribed to a provide of operator services allows the consumer to use "800" and "950" access code numbers to obtain access to the provider or operator services desired by the consumer....

47 USC Section 226(e)(1) provides, in pertinent part:

Access. – The Commission shall require –

(A) that each aggregator ensure within a reasonable time that each of its telephones presubscribed to a provider of operator services allows the consumer to obtain access to the provider of operator services desired by the consumer through the use of an equal access code....

2

4. Plaintiff conducts its operator assisted service through use of the "800" toll-free telephone number: 1-800-842-7964. In Puerto Rico, Plaintiff advertises its services through advertising signage located at the Luis Muñoz Marín International Airport ("LMM") and, in particular, within the confines of the American Airlines terminal at the LMM. These advertisements have been placed in areas in proximity to Defendants' public payphones. **Exhibit 1**.

5. Defendants Phone Works, Inc. ("Phoneworks"), Choice Tel Acquisition, Inc. ("Choice Tel") and Choicetel Communications, Inc. ("Choicetel"), hereinafter referred to as "the Defendants," operate certain public payphones in the American Airline Terminal at the LMM. Defendants are Payphone Service Providers ("PSP" or "Telephone Aggregator"). Defendants representative is Mr. Ronald Massie, their managing director.

### III. JURISDICTION AND VENUE:

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC Section 1331.

7. This Court has personal jurisdiction over Defendants pursuant to the laws of the Commonwealth of Puerto Rico. 28 USC Section 1391(b).

### IV. STATEMENT OF FACTS:

8. In May 2007, Plaintiff experienced a sudden drop of approximately 80% in its operator assisted services arising from the payphones located at LMM.

9. An investigation was then undertaken for Plaintiff by Mr. Ricardo Singer, sales representative. Mr. Singer attempted to place telephone calls using Plaintiff's 800 access number. The payphones used by Mr. Singer at LMM, are

3

telephone numbers 787-791-9129 and 787-791-9952 and are owned or operated by Defendants as shown on the payphone decals. Notwithstanding the use of Plaintiff's 800 access number, the calls placed by Mr. Singer were answered not by Plaintiff's Call Center but by Defendants' chosen Call Center, whose operators identified themselves to Mr. Singer, when they answered his calls, as: "Hablame IOS/ Llamadas Internacionales."

10. Thus, without authorization from Plaintiff or Mr. Singer, Defendants had routed their calls to their chosen Call Center. Therefore, Defendants illegally benefited financially from the telephone calls placed by Mr. Singer and other consumers who desired to make use, at the LMM, of Plaintiff's operator assisted long distance phone call service.

11. Mr. Singer's credit card statements for the month of June 2007 attest to the fact that even though he placed the calls from and through Defendants' public payphones 787-791-9129 and 787-791-9957 at LMM, to Plaintiff's 800 access number, the calls were routed to Hablame IOS/ Llamadas Internacionales, which, in turn, transported Mr. Singer's call to his office telephone number in California where the call was terminated. See Mr. Singer's Unsworn Statement, **Exhibit 2**. The charge made by Hablame IOS/ Llamadas Internacionales, is marked next to the letters IOS.

12. In a June 14th, 2007 letter, Mr. Singer requested that Mr. Massie, Defendants' representative in Puerto Rico, terminate the call rerouting and blocking as it vioaltes applicable laws and harms Plaintiff's business interests. **Exhibit 3.**

13. Mr. Massie replied to Mr. Singer in a telephone phone call received by Mr. Singer on June 16th, 2007. Mr. Massie informed Mr. Singer that Plaintiff's advertising at LMM was detrimentally affecting Defendants' profits as well as those of LMM and American Airlines.

14. During the June 16th call, Mr. Massie requested that Mr. Singer produce to him, on or before June 25, 2007, an offer whereby Plaintiff and Defendants would share the income generated by the operator assisted services obtained by Plaintiff from calls placed through Defendants's payphones located at LMM.

15. Mr. Massie also informed Mr. Singer in that telephone call, that Defendants would keep pending Plaintiff's request to stop rerouting and call blocking until the financial proposal was received. At that time, Defendants' LMM public payphones would be programmed once again to route telephone calls placed to Plaintiff's 800 number, so that they would be transported to Plaintiff's Call Center and not to Defendants' chosen Call Center.

16. The call blocking and rerouting has never stopped.

17. By letter of June 22, 2007, **Exhibit 4**, Plaintiff's special communications counsel advised Defendants that call blocking is illegal and that Defendants, as providers of public payphone services and OSP Services, are required to allow the use by consumers of their public payphones to access consumer selected 800 numbers for operator assisted calls. 47 CFR Section 64.704.

18. Through its attorney's letter, Plaintiff also rejected Mr. Massie's revenue sharing request. **Exhibit 4**.

19. On June 27, 2007, Plaintiff made additional test calls at LMM and confirmed that the blocking and rerouting originally complained of was still taking place.

V. <u>APPLICABLE LAW</u>:

20. The Act prohibits blocking of equal access code numbers by Service Providers such as Defendants. 47 USC Sections 226 (c) (1) (B) and (e)(1) and 47 CFR Section 64.704. See <u>Policies and Rules Concerning Operator Service Access and Pay Telephone Compensation</u>, 6 FCC Rce 4736, 4740-4741 (1991).

VI. <u>DAMAGES</u>:

21. Plaintiff's monthly income from the operation of the above-referred operator assisted services at LMM Airport was, prior to the commencement of Defendants' actions, approximately $8,700.00. This income has been reduced by 80% because of the call blocking and rerouting, which has resulted in monthly income losses of approximately $7,500.00 for Plaintiff. Said damages increase on a day-to-day basis as a direct consequence of Defendants' illegal conduct.

22. Plaintiff's competitive market position, its goodwill, reputation, and client base are being continuously and negatively affected. Additional consequential damages arise out of Defendants' actions. Defendants have unjustly enriched themselves at Plaintiff's expense and as such hold the illegally obtained monies in trust for Plaintiff.

23. Defendants' aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff through consumer confusion, mistake or deception as to whom consumers are dealing with in their efforts to obtain long distance telephone operator assisted services or interexchange OSP Services.

VI. <u>INJUNCTIVE ORDER</u>:

24. Plaintiff has no immediate remedy at law and will continue to be irreparably injured unless and until this Court issues a preliminary injunction and thereafter permanently enjoins Defendants' conduct.

25. Call blocking and rerouting are prohibited by the above cited acts and rulings. They affect the consumer or user who places a call believing it is utilizing Plaintiff's services when in fact the call is being routed to a competitor and, in these instances, with additional costs to the consumer.

26. In order to avoid further damages which the legal system has legislated to avoid by prohibiting call blocking and rerouting, it is respectfully requested that this Court issue an injunctive order to Defendants enjoining them from further call blocking and rerouting until a final determination is made. The balance of equities to be considered weigh heavily in Plaintiff's favor, which in the end should prevail.

27. The balance of interests analysis which this Court will undertake to exercise its discretion on whether to issue an injunctive relief weigh in favor of Plaintiff's request to stay Defendants actions.

28. The factors to be considered according to Wright, Miller and Krane, Federal Practice and Procedure, Civil section 2948 are:

29. <u>Irreparable Harm</u>. Plaintiff's reputation and goodwill are negatively affected by Defendants rerouting the calls placed by consumers to Plaintiff's Call Centers. Such conduct violates the Act, which prohibits rerouting and call blocking. Injury to reputation or goodwill is not easily measurable in monetary terms and as such is irreparable. <u>Dominion Video Satellite, Inc. vs. Echo Star Satellite Corp.</u>, 269 F3d 1149 (10th Cir. 2001); <u>Multi Channel TV Cable Co. vs. Charlottesville Quality Cable Operating Co.</u>, 22 F3d 546 (4th Cir. 1994).

30. <u>No harm inures to Defendants</u>. Defendants have, are and will continue to monetarily benefit from their illegal and statutory prohibited conduct and have threatened to continue such conduct unless Plaintiff's agrees to share with them the revenues derived from the LMM payphones.

31. <u>Probability of success</u>. The statutory guidance and the evidence referred to hereinbefore, demonstrate Plaintiff's high probability of success in obtaining a recognition of its right to run its business without the illegal interference from the rerouting and call blocking as recognized by statute and FCC regulation. These factors evince Defendants' illegal conduct and total disregard for the law, which weigh considerably in favor of Plaintiff in the balancing of interests analysis.

32. <u>Public interest</u>. Lastly, the public interest to make available to all persons of the United States without discrimination an efficient nationwide and worldwide wire and radio communication service with adequate facilities at reasonable charges for the purpose of national defense, of promoting safety of life and property according to the legislative intent of the Act, 47 USC Section

151, definitely and totally tilts the balance in Plaintiff's favor and its right to continue its business without the interference and illegal appropriation of its income by Defendants. Reasonableness is on Plaintiff's side of the equation.

## VII. JURY DEMAND

30. Plaintiff demands trial by jury of all issues raised in this Complaint that are properly triable by to a jury.

## VIII. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully requests that this Court find Defendants in violation of the legally proscribed practices of call blocking and rerouting of consumer calls intended for Plaintiff long distance telephone call operator assisted Call Center, order Defendants to compensate the damages suffered by Plaintiff because of their illegal conduct and while this Complaint is being considered, issue an injunctive order to Defendants to cease and desist from the above described illegal practice of call blocking and rerouting until further determination from this Court.

And further require Defendants to pay to Plaintiff damages in an amount to be determined at trial, plus interest thereon, as a result of Defendants' unlawful acts.

And further issue an Order requiring an accounting of income received by Defendants from its rerouting and blocking of calls intended for Plaintiff and to require that Defendants disgorge to Plaintiff its lost profits, gains and advantages suffered as a result of the aforesaid wrongful and illegal acts.

And further require Defendants to pay Plaintiff enhanced and punitive damages in light of the willful and predatory nature of their actions.

Because of Defendants willful and deliberate conduct, order them to pay to Plaintiff both costs of this action and reasonable attorneys' fees incurred herein.

RESPECTFULLY SUBMITTED . San Juan, Puerto Rico. August 3 , 2007.

José Antonio Tulla Law Office
50 Quisqueya, 2do Piso
San Juan, PR 00917
Tel. 756-9646
Fax. 758-2270
jat@microjuris.com
jat@tulla.com

By: _____
José Antonio Tulla
USDC No.119